UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYLLIS M. DAVIS,

        Plaintiff,                              Case Number 22-10234

v.                                                   Honorable David M. Lawson

DEPARTMENT OF VETERANS AFFAIRS
and EARL LEE,

        Defendants.
_____/

## ORDER GRANTING IN PART MOTION
## TO ENFORCE SETTLEMENT AGREEMENT

On August 30, 2023, the Court dismissed this matter after the parties' reported that they had reached a settlement. On November 13, 2023, the plaintiff filed a motion to enforce the settlement agreement. In her motion, the plaintiff reported that despite plaintiff's counsel having complied with the government's directions to receive payment of the settlement funds via electronic transfer, no tender of the settlement amount had been made, and the defendants had not produced any explanation for the failure of performance.

The government filed a response in which it indicated that the delayed payment is caused by two complications in the processing of the payment through the defendant's electronic invoicing system. The government directed plaintiff's counsel to register as a "vendor" with the Department of Veteran Affairs in order to receive a vendor identification code which purportedly would allow for expedited processing of payment via electronic funds transfer. Plaintiff's counsel complied and submitted the required application forms, but the application was rejected because it did not include a taxpayer identification number (TIN). The government says that processing was delayed by 17 days until plaintiff's counsel supplied the TIN. Three days after the motion was filed, government counsel inquired why the payment had not been processed and then learned

that the application had been rejected because an incorrect "vendor type" was entered on the application. The government asserts that the error was corrected on the same day, and that the funds transfer presently is in process and the funds should be forthcoming.

"[I]t is well-settled that 'courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them.'" *Ibid.* (quoting *Sarabia v. Toledo Police Patrolman's Ass'n*, 601 F.2d 914, 917 (6th Cir. 1979)). The Court is satisfied by the government's representations that the failure of performance in this instance was not caused by any deliberate attempt to delay payment, but instead was the result of administrative error or at worst mere negligence on the part of the defendant agency or its counsel. It appears based on the government's representations that there presently is no need for further Court action to secure the defendant's performance. However, the Court will order the defendant to complete the tender of the settlement funds forthwith. The plaintiff also requested sanctions for the failure of prompt performance, but there is no basis in law to sanction the defendant or its counsel, particularly since the failure has been addressed and it appears that performance will be completed imminently. The motion therefore will be granted in part.

Accordingly, it is **ORDERED** that the plaintiff's motion to enforce the settlement agreement (ECF No. 37) is **GRANTED IN PART**, and it is further **ORDERED** that the defendant **SHALL TENDER** full payment of the settlement funds to the plaintiff and her counsel **FORTHWITH**. The plaintiff's request for sanctions is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   November 30, 2023